UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TERRY A. JOHNSON

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

Defendant.

No. CV-11-0276-CI

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 13, 19. Attorney Maureen Rosette represents Plaintiff Terry A. Johnson; Special Assistant United States Attorney Jeffrey R. McClain represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for the Defendant.

Plaintiff protectively filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on September 2008. He alleged disability due to depression, back injury, and hearing loss

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Under FED. R. CIV. P. 25 (d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

with an alleged onset date of November 19, 2002.  Tr.  157, 161. Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) James W. Sherry on November 12, 2009.  Tr. 48-84.  Plaintiff, who was represented by counsel, and vocational expert Debra LaPointe testified.  On January 14, 2010, ALJ Sherry denied benefits; review was denied by the Appeals Council on July 9, 2011.  Tr.  1-6, 17-27. This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant establishes he cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984). If a claimant cannot perform other work in the national economy, he is disabled and eligible for benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**STATEMENT OF FACTS**

Plaintiff was 37 years old at the time of the hearing. He stated he was divorced with three minor children, had lived alone in an apartment for seven years, and had a high school education and two years of college with some vocational training as an auto body worker. Tr. 53-56. Plaintiff reported he had past work experience as a video manager, material handler, computer technician, delivery driver, child care provider, retail shift manager and restaurant manager. Tr. 184. He testified he lost his job, house, car, and family on his claimed 2002 onset date. Tr. 63. He indicated he quit his last job because his manager did not like him and claimed he was not doing his job. Id. Plaintiff reported he has not worked since then because no one would hire him and he eventually gave up looking and was depressed. Tr. 72-73. Plaintiff testified he was incarcerated between December 1, 2005, and August 18, 2008. Tr. 65.

**ADMINISTRATIVE DECISION**

The ALJ found Plaintiff meets DIB insured status requirements through September 30, 2007. At step one of the sequential evaluation process, he found Plaintiff had not engaged in substantial gainful activity since November 19, 2002, alleged onset date. At step two, he found Plaintiff had severe impairments of major depressive disorder and right ear hearing loss. Tr. 19. He found the medical evidence presented did not establish claimed back

pain as a medically determinable impairment or support a finding of exertional limitations. Tr. 20. At step three, he found Plaintiff's impairments alone or in combination equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). Id. At step four, the ALJ summarized Plaintiff's testimony and determined his subjective symptom complaints were not credible to the extent they are inconsistent with a residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [H]e cannot work in positions requiring fine hearing capability; he should avoid concentrated exposure to noise; although he could work where there is moderate noise such as light traffic, a business office, or department store; he should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights; he can perform both simple and more complex tasks; and he should work away from the general public and have no more than superficial contact with it.

Tr. 22, 23-25.

The ALJ concluded Plaintiff could not perform past relevant work. Tr. 26. Proceeding to step five, the ALJ found there were other jobs in the national economy Plaintiff could perform, such as retail price marker, janitor, and cleaner. Tr. 27. He concluded Plaintiff had not been disabled since the alleged onset date through the date of the decision, and Plaintiff was not entitled to disability benefits under the Social Security Act. Id.

## ISSUES

The question presented is whether there is substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he found Plaintiff's complaints were not

fully credible and he failed to give proper weight to the opinions of his mental health evaluators. ECF No. 14 at 11-17. Defendant argues the ALJ's decision is supported by substantial evidence and free of legal error. ECF No. 20.

**DISCUSSION**

**A. Credibility**

Plaintiff argues the ALJ did not properly reject his symptom testimony. ECF No. 14 at 17. To reject a claimant's subjective complaints, an ALJ must provide "specific, cogent reasons for the disbelief." *Morgan v. Commissioner of Social Sec. Admin*., 169 F.3d, 595, 599 (9th Cir. 1999) (*quoting Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). If there is no affirmative evidence of malingering, the reasons must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). Here, the ALJ found Plaintiff's impairments could reasonably cause claimed symptoms but discounted the intensity and persistence of limitation. Tr. 23-25.

After summarizing Plaintiff's testimony and Disability Report statements, the ALJ identified specific facts, supported by the record, that erode Plaintiff's credibility. For example, he noted initially that there are no medical records to prove disability prior to July 2006. Tr. 23. He also referenced medical reports and hearing testimony that discredit Plaintiff's alleged physical limitations, exertional limitations, and claimed inability to do physical labor. Tr. 25, 69-70.

In addition to medical evidence, the ALJ enumerated other reasons for finding Plaintiff's symptom allegations not entirely credible. For example, he found Plaintiff's self-reported

activities of daily living did not support the level of limitation claimed; observations by medical sources during evaluations in 2006 indicate that Plaintiff was cooperative, with a stable mood and logical thought processes; Plaintiff made statements to medical sources denying sleep, appetite, or mood problems; during a competency evaluation, Plaintiff's examining psychologist observed that Plaintiff's "depressed mood" could be related to arrest and incarceration, but found no mental disease or defect; Plaintiff's inconsistent statement to the prison psychiatrist regarding the length of time he had been disabled; his denial to treatment providers of problems with learning new tasks and problems getting along with other people; and Plaintiff's unexplained failure to follow up with a referral for mental treatment once he was out of prison; and finally, Plaintiff's conviction for crimes of dishonesty.  Tr. 24-25; *see, e.g.,* 289, 290, 363 (self-reported incarcerations for insurance fraud, grand theft auto and burglary).

    The ALJ's reasoning is supported by substantial evidence and meets the standard of "clear and convincing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d 597, 603-604 (9th Cir. 1989)(claimant's failure to assert reasons for not following treatment recommendations erodes credibility).  As ruled by the Ninth Circuit repeatedly in these proceedings, "Credibility determinations are the province of the ALJ." *Fair*, 885 F.2d at 604; *Sprague,* 812 F.2d at 1229-1230.  It is not this court's role to second-guess that determination. Id.  The ALJ's specific reasoning

and application of ordinary techniques for assessing credibility are legally sufficient to support the Commissioner's adverse credibility findings.

**B. Evaluation of Medical Provider Opinions**

Plaintiff argues the ALJ improperly rejected functional limitations opined by Jessica Garry, M.Ed., Frank Rosekrans, Ph.D.; and Ger Moua, Ph.D. ECF No. 14 at 10-11. He contends once credited, their improperly rejected opinions support his claim of disability. Id. at 10-15.

At step two, the ALJ found the evidence supports a finding that diagnosed major depression disorder is a severe impairment. Tr. 19. In making this finding, the ALJ credited diagnoses from Crispin Juguilon, M.D., Ms. Garry, Dr. Rosekrans, and Dr. Moua. Id. However, the fact that an impairment is severe does not mean it precludes employment. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

When determining if a claimant's impairments are disabling, an adjudicator must consider medical evidence in the entire record. Medical opinions based on a claimant's subjective complaints may be rejected where the claimant's credibility has been properly discounted. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (credibility properly considered in evaluating medical evidence); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Uncontroverted opinions of examining physicians may be rejected only with "clear and convincing" evidence. *Lester,* 81 F.3d at 830. If an acceptable medical source opinion is contradicted, it may be

rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d at 1043. Opinions from other medical sources such as nurse practitioners, mental health counselors, and physician's assistants regarding the effect a limitation has on a claimant's ability to work must be considered and may be rejected with specific reasons "germane" to the relevant other source. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

**1. Dr. Rosekrans and Ms. Garry's Evaluation**

In September 2008, Ms. Garry, supervised by Dr. Rosekrans, identified several moderate and one marked mental limitations in a form summary accompanying her narrative report. Tr. 282-87. In the narrative report, the evaluators questioned the validity of Plaintiff's responses on objective tests and suggested the results may not be reliable. Ms. Garry also noted that Plaintiff's "level of distress appears to be related to situational stressors." Tr. 293. The ALj properly discussed this evaluation, credited evidence that supported a diagnosis of severe depression at step two, and specifically discounted the marked limitation in social functioning. He reasonably explained the marked severity was discounted due to the evaluators' explicit observation that Plaintiff attempted to portray himself in a negative manner common among individuals who feign mental illness. Tr. 24, 286, 291, 292. The ALJ reasonably concluded Plaintiff is limited in areas of social functioning, but not to a marked degree, as evidenced by Plaintiff's expressed enjoyment of time with family and desire for friends. Tr. 24. The ALJ articulated specific, legitimate reasons for rejecting the

marked functional limitations assessed by Ms. Garry and Dr. Rosekrans. Plaintiff's contention that the ALJ erred in evaluating the Garry Rosenkrans evidence fails.

**2. Dr. Moua and Dr. Rosekrans**

The record shows Dr. Rosekrans endorsed findings by Dr. Moua, who evaluated Plaintiff in March 2009. The evaluation is based on results from objective psychological tests, a clinical interview, and mini-Mental Status Exam. Tr. 347-58. Plaintiff argues, if given proper weight, this evaluation is sufficient to establish disability. ECf No. 14 at 10-11. Plaintiff argues the ALJ failed to give specific and legitimate reasons for giving Dr. Moua's opinions less weight than those of non-examining agency psychologists who did not review the entire record. Id. at 11-12. He argues the reasons given by the ALJ were "boilerplate" and unsupported by the record. Id. at 12. His arguments are unpersuasive.

The ALJ discussed Dr. Moua's March 2009 psychological evaluation and found that (1) the functional limitations assessed were not supported by other evidence in the record, and (2) Plaintiff's impairment failed to meet the 12-month duration requirement.[2] Tr. 25. Review of the record in its entirety shows the weight given Dr. Moua's findings is supported by substantial evidence. As noted by the ALJ, Dr. Moua saw no objective evidence of cognitive deficits. Based on results of the Beck Depression

---

[2] To be disabling, an impairments "must last or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509, 416.909.

Inventory administered, Dr. Moua opined that Plaintiff's depression "would likely" preclude employment. Tr. 25. The ALJ specifically did not give this finding "significant weight" because it was inconsistent with Dr. Moua's own narrative findings and the evidence as a whole and, even if it were credited, the impairment did not meet the duration requirement. Id., *see* Tr. 358 (claimant a "good candidate for vocational rehabilitation" within six months). These are legally sufficient reasons supported by other evidence in the record.

For example, a July 2008 psychological evaluation by state social worker Katrina Suckow documents that when Plaintiff was compliant with his medication and mental health sessions, he was stable and able to perform normal daily work activities, maintain long-term employment, and exhibited only one moderate functional limitation in his ability to make decisions. Ms. Suckow noted Plaintiff may have problems with social settings due to his temper.[3] Tr. 297-98. Her opinions are based on clinic notes and medication reports written while Plaintiff was in the custody of the Department of Corrections. Tr. 257-69.

In addition, clinic notes from the Community Health Association of Spokane (CHAS) dated January 2009 confirm that Plaintiff was stabilized on medication, seeking counseling for his depression, reported increased energy and improved mood and self esteem. He reported he was responding to treatment, had attended several

[3] To address the social setting limitation, in his final RFC determination, the ALJ's found Plaintiff should work away from the general public. Tr. 22.

classes, and was looking forward to attending school. Tr. 325-33. A condition that can be effectively treated with medication is not considered disabling. *Warre v. Commissioner of the Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ's evaluation and weight given the Moua/Rosekrans report is supported by substantial evidence and free of legal error.[4]

**CONCLUSION**

The Commissioner's denial of benefits is supported by substantial evidence and free of legal error. The ALJ gave legally sufficient reasons for discrediting Plaintiff's subjective complaints and for discounting functional limitations assessed by Drs. Moua, Rosekrans and Ms. Garry. The final RFC determination addresses those functional limitations supported by the record in its entirety and is a rational interpretation of the evidence. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is

---

[4] Plaintiff's argument that Dr. Moua's estimate of duration of marked limitations combined with Ms. Garry's estimated duration will satisfy the Social Security Act's duration requirement is without factual or legal support. ECF No. 14 at 12. Not only do their combined estimates fail to equal 12 months, treatment notes from January 2009 establish that within 4 months of Ms. Garry's evaluation, Plaintiff's depression was stabilized on medication, his energy was improved, and he was planning to attend school and look for work. The unsupported duration estimate is insufficient to establish the duration requirement.

**DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for **Defendant**.

DATED April 25, 2013.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE